IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GRADY L. WEST, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-122 |
| | ) | (Formerly CR 112-057) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Grady L. West, Jr., filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for initial review as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED**, the motion for appointment of counsel be **DENIED**, and this civil action be **CLOSED**.

## I.     BACKGROUND

On February 8, 2012, a grand jury in the Southern District of Georgia issued a twenty-three-count indictment against five defendants, including sixteen counts against Petitioner for dealing in firearms without a license, distribution of hydrocodone, oxycodone, and marijuana, possession of a firearm by a convicted felon, and possession of a stolen firearm. United States v. West, CR 112-057, doc. no. 3 (S.D. Ga. Feb. 8, 2012) (hereinafter "CR 112-057"). On March 8, 2012, the grand jury returned a superseding indictment which

as to Petitioner changed the date on the charge of possession of a stolen firearm. Id., doc. no. 46. The Court appointed attorney John R. Taylor to represent Petitioner. Id., doc. no. 71. On June 5, 2012, Petitioner pleaded guilty to Counts Seven and Nineteen of the superseding indictment, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and distribution of 5.2 grams of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Id., doc. nos. 121-23.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-nine, Criminal History Category at IV, and Guidelines imprisonment range at 121 to 151 months.[1] PSI ¶¶ 69, 83, 100. Because Petitioner had at least one felony conviction for a crime of violence, pursuant to U.S.S.G. § 2K2.1(a)(4), his base offense level was twenty. PSI ¶ 47. That base level increased by eight points pursuant to U.S.S.G. § 2K2.1(b) because of specific offense characteristics but was then reduced by three points to twenty-nine based on Petitioner's acceptance of responsibility. PSI ¶¶ 48-51, 67-69. The statutorily authorized maximum sentence of imprisonment was ten years for possession of a firearm by a felon, and five years for marijuana distribution. 18 U.S.C. §§ 922(g) and 924(a)(2); 21 U.S.C. § 841(a)(1) and (b)(1)(D); PSI ¶ 99.

At sentencing on November 8, 2012, United States District Judge J. Randal Hall imposed a total sentence of imprisonment of 128 months, consisting of 120 months for the felon in possession conviction and eight months to be served consecutively on the marijuana

---

[1]The PSI contains two groupings of offense level calculations, one for the felon in possession charge, (PSI ¶¶ 47-55), and one for the distribution of marijuana charge, (PSI ¶¶ 56-61). The Total Offense Level calculation was based on the greater of the two adjusted offense levels, in this case the thirty-two adjusted offense level for the felon in possession conviction. PSI ¶¶ 62-63. Accordingly, the Court describes the sentence calculation based on the felon in possession count of conviction.

distribution charge.  CR 112-057, doc. nos. 155, 162.  Petitioner chose not to appeal, as confirmed by his signature on a Post-Conviction Consultation Certification.  Id., doc. no. 160.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process.  Johnson, 135 S. Ct. at 2563.  The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, on May 16, 2016, Petitioner filed a motion in his underlying criminal case asserting his belief that Johnson applies to his sentencing and requesting appointment of counsel.  CR 112-057, doc. no. 194.  On July 15, 2016, Judge Hall explained the Court intended to re-characterize this motion as a first § 2255 motion unless Petitioner notified the Court of his intention to contest the re-characterization, withdraw the motion, or amend the motion to include any § 2255 claims other than those based on Johnson.  See id., doc. no. 203.  In response to Judge Hall's Order, Petitioner filed the § 2255 motion reviewed herein.

Petitioner argues Johnson may apply to his case such that he is entitled to be resentenced. (See doc. no. 1, p. 12.)  Petitioner also argues his counsel was ineffective for treating Petitioner's case "like a open closed book" and failing to dispute enhancements

applied to the sentencing calculation in the PSI concerning trafficking in firearms and his

prior burglary charge. (Id. at 4-5.) Petitioner asserts because of Johnson, his motion is not

time-barred. (Id. at 12.)

## II.    DISCUSSION

### A.    Johnson Does Not Apply to the Guidelines.

As explained above, Petitioner's offense level was initially set under § 2K2.1 of the

Guidelines, though it was subsequently reduced by three points for acceptance of

responsibility. PSI ¶¶ 47, 67-69. "Crime of violence" as used in this section of the

Guidelines "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the

Commentary to § 4B1.2 of the Commentary to § 4B1.2" regarding career offenders.

U.S.S.G. § 2K2.1, Commentary, App. Note 1. The PSI does not specify which prior felony

conviction counted against him. See PSI ¶ 47. Based on Petitioner's argument about

burglary and defense counsel's objection to an enhancement for Petitioner's "prior burglary

conviction" of a vacant apartment rather than a dwelling, the Court assumes this was the

crime of violence counted against him. (Doc. no. 1, p. 4; PSI ¶¶ 47, 77.)

Although the ACCA and Guidelines "include an identical residual clause that

encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18

U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career

offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d

1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process

Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal

statutes that define elements of a crime or fix punishments." Id. Because Petitioner's

sentence was not based on application of the ACCA's residual clause and the Eleventh

Circuit has determined <u>Johnson</u> does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1.[2] <u>See</u> <u>id.</u>; <u>see also</u> <u>United States v. Kirk</u>, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in <u>Johnson</u> precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); <u>United States v. Snipes</u>, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing <u>Johnson</u>-based claim for resentencing without § 2K2.1 enhancement under reasoning of <u>Matchett</u>).

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his <u>Johnson</u>-based claim is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

**B.    Petitioner's Remaining Claims Are Barred as Untimely.**

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.    the date on which the judgment of conviction becomes final;

2.    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

---

[2]The United States Supreme Court has granted certiorari to consider whether <u>Johnson</u> applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2) and whether <u>Johnson's</u> constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. <u>Beckles v. United States</u>, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).

Court and made retroactively applicable to cases on collateral review; or

4.      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Petitioner's judgment of conviction was entered on November 13, 2012, and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1).  Thus, his claims alleging ineffective assistance of counsel, filed almost four years later, are untimely.  In addition, as explained in Part II.A, *supra*, because Johnson does not apply to Petitioner, Johnson does not qualify him for a later statute of limitations.  Accordingly, Petitioner's ineffective assistance of counsel claims are time-barred.

Nevertheless, an otherwise untimely § 2255 motion may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).  Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."  Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The

petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence."  Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012).  As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category:  cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion.  Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offenses to which he pleaded guilty such that no reasonable juror would have convicted him.  Indeed, Petitioner does not claim innocence of his crimes of conviction, but rather faults his attorney for not sufficiently investigating the

case or arguing against enhancements to his sentence.  (Doc. no. 1, pp. 4-7.)  However, Petitioner offers no details on what was not investigated or how any such information would have impacted the case.  Moreover, the objections to the PSI show defense counsel did file objections not only to the crime of violence enhancement discussed above, but also the enhancement for trafficking in firearms.  The only information Petitioner offers about the timeliness of his motion is the reference to Johnson, but as detailed above, Johnson does not apply.  Thus, the Court cannot consider Petitioner's untimely ineffective assistance claims, and they are ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

### C.      Petitioner Is Not Entitled to Appointed Counsel.

As to Petitioner's initial request for the appointment of counsel in his underlying criminal case, there is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).  Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979)[3]; see also 28 U.S.C. § 2255(g) and Rule 8(c) of the Rules Governing Section 2255 Cases in the United States District Courts (authorizing appointment of counsel pursuant to 18 U.S.C. § 3006A if

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

evidentiary hearing warranted). Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 147 (2016 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his response to the Court's July 15, 2016 Order directing him to file a § 2255 motion detailing his claims. Moreover, as explained above, his case is due to be dismissed because it does not fall within the parameters of Johnson and otherwise raises untimely claims. Therefore, the motion for appointment of counsel should be **DENIED**. CR 112-057, doc. no. 194.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED,** the motion for appointment of counsel be **DENIED**, (CR 112-057, doc. no. 194), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 31st day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA